UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14cv219

| | | |
|---|---|---|
| **DIANE WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment.

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fourth step of the sequential evaluation process. In so doing, the ALJ found that the Plaintiff has the residual functional capacity to perform light work, except that she is limited to, *inter alia*, "only **occasional**, but not constant, fingering using her right upper extremity." (Tr. 37) (emphasis added). Plaintiff argues that the Commissioner erred in finding that she could perform her past relevant work as a hospital admitting clerk because that job requires frequent fingering, which exceeds the ALJ's RFC limitation to occasional fingering.

The Commissioner acknowledges this error, but argues that the word "occasional" used in the ALJ's RFC finding, is meant to read "frequent" and is merely a typographical error. The Commissioner argues that when one reads the

RFC finding within the context of the decision as a whole, the Court should find a limitation to frequent fingering is the "real" limitation in the ALJ's finding.

Although the Commissioner cites persuasive reasons why the ALJ must have intended to use the word "frequent," the Court is unable to characterize this as a mere "typo." The Court is unwilling to substantively change the wording of the decision or speculate that the ALJ meant something other than what is written. A hearing decision that leaves the reader guessing as to its meaning and rationale cannot be affirmed. *See Meyer v. Astrue*, 662 F.3d 700, 706-7 (4th Cir. 2011). Moreover, the Appeals Council failed to exercise its power to modify the ALJ's decision as written.

Accordingly, the Court will remand this matter to the ALJ for further consideration and clarification.

## ORDER

**IT IS THEREFORE ORDERED** that:

(1)  the Plaintiff's Motion for Summary Judgment is **GRANTED**;

(3)  the Commissioner's Motion for Summary Judgment is **DENIED**; and

(4)  this action is **REMANDED for further proceedings**.

Signed: April 23, 2015

Graham C. Mullen
United States District Judge